IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANITA MORALES,<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 4:23-cv386 |
| | § | |
| SOLO SELECT HORSES, LLC,<br>    Defendants. | §<br>§<br>§ | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Anita Morales, Plaintiff, and files this original complaint against Solo Select Horses, LLC (hereinafter "Defendant"), and would respectfully show the Court as follows:

### I. PARTIES

1.    Plaintiff is an individual residing in Grayson County, Texas.

2.    Defendant Solo Select Horses, LLC is a domestic limited liability company doing business in Texas and may be served by serving its registered agent Melanie Lowrance, 827 Riley Road, Whitesboro, Texas 76273.

### II. JURISDICTION

3.    Jurisdiction is founded on federal question, specifically 42 U.S.C.A. §2000e, *et seq.* (Unlawful Employment Practices), as amended; 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended; and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4.    All prerequisites to filing suit have been met.

### III. FACTS

5.    Plaintiff was employed for approximately nineteen (19) months beginning on July 9, 2020 by

Solo Select Horses, LLC. At the time of her discharge on or about February 18, 2022, she was employed as the Office Manager. Plaintiff maintained a good work record with no disciplinary action prior to her discharge.

6. Upon information and belief, Defendant had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under Title VII.

7. Upon information and belief, Defendant had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under the ADEA.

8. Plaintiff first met Melanie Smith (white, approximately 29 years of age), owner of Solo Select Horses, LLC, in late 2018 or early 2019. In 2020, Ms. Smith asked Plaintiff to meet with her in her office. At that meeting, she asked if Plaintiff would like to come work for her in her office. She said she needed someone with Plaintiff's personality and customer service attitude.

9. Ms. Smith told Plaintiff she would be responsible for all of the following duties:

    a. All breeding contracts for her two studs, Metallic Malice and Metallic Cattack;

    b. The breeding spread sheet of all Solo Select mares;

    c. Any and all paperwork to AQHA, APHA, any other horse registrations and customers and all that goes along with horse registration;

    d. Any and all correspondence;

    e. Assist with the billing for all customers;

    f. All banking deposits and other banking needs, *i.e.* wires, remote

        deposit capture machine, credit card processing, and payments due;

    g.    Order apparel and send out to customers;

    h.    Submit breeding reports to AQHA and APHA;

    i.    Help with customers coming to pick up horses and direct them where they need to go;

    j.    Foal and horse registrations;

    k.    Handle the day-to-day paperwork and needs of the breeding horse facility.

10. Ms. Smith told Plaintiff the only thing she would not handle was the actual sending of semen during breeding season but she would handle all contracts and finances regarding the contracts. She also assured Plaintiff she could work remotely but she would need to provide her own laptop to do so.

11. Ms. Smith soon began to call on Plaintiff to do things outside her prescribed office duties. These including making up her partner and boyfriend's (Ty Smith) house to look like a hotel for visitors. Plaintiff was also asked to do Ty Smith's laundry.

12. An employee, Silver Jean Outlaw (white, approximately 28 years of age), told Plaintiff Ms. Smith said Plaintiff would do things for Silver including reserve hotel rooms, call and pay Silver's medical bills with the company credit card, and make sure Silver's school was paid for. Plaintiff was also expected to take care of Silver's personal documents.

13. Plaintiff was expected to answer the work phone (calls, emails, and text messages) from 7 a.m. to 9 p.m. every day, seven days a week. Plaintiff drew the line at doing so on Sunday mornings when she was in church.

14. Plaintiff was the oldest employee at Solo Select Horses. Ty Smith (white, approximately 35 years of age), co-owner/partner, repeatedly told Plaintiff she was to be the "mom" to all the employees and to take care of them.

15. Plaintiff was expected to cook, to order and pickup food, and to clean after everyone at the ranch when told to do so including visitors' messes.

16. On or about February 18, 2022, Ty Smith (white, approximately 35 years of age), co-owner/partner and Ms. Smith's boyfriend, told Plaintiff in Ms. Smith's presence, that they needed her to be at the office early the next day to get things cleaned up. Plaintiff looked down at her desk and shook her head.

17. Mr. Smith then asked what was wrong and said Plaintiff had "had a stick up [my] a** for the last two weeks."

18. Plaintiff asked if they were going to hire anyone to clean the offices at Solo South. They had previously posted a job for someone to clean both offices, her home, his home, do all laundry for Ty Smith, and do cooking/weekly meals for approximately six people but did not hire anyone to clean the offices at Solo South. Ms. Smith said no. Mr. Smith said if Plaintiff was not happy maybe she needed to look for another job. Plaintiff told him maybe she would. He asked if she was threatening to leave. Plaintiff said "no," but she would start looking and would let them know at the end of breeding season (June 30).

19. Plaintiff then asked if, since she was already doing most of the work (cleaning duties, cooking, and personal errands) that was included in another (unfilled) position, she could have a raise. Ms. Smith said, "No!" And she said Plaintiff already made enough money as it was.

20. Plaintiff told her she did not go to school to be treated like a maid. Ms. Smith said, "I have never treated you like a f***ing Mexican!"

21. Plaintiff was shocked and told Ms. Smith she would start looking for another job and leave at the end of breeding season. Ms. Smith said she didn't think she could get past this and that they needed to sever ties now. Ms. Smith said she needed Plaintiff to stay for two weeks to train her replacement but Ms. Smith would pay her for six weeks.

22. Plaintiff began packing up her personal things. Ms. Smith kept telling Plaintiff she always said please and thank you to her. She told Plaintiff to take the phone and answer any calls and emails if anyone had questions about the upcoming sale as she normally would do. Ms. Smith also told Plaintiff to check on the contracts if any came in via email or if anyone had any breeding questions.

23. Later that evening, Plaintiff received a text message from Ms. Smith telling her she was not needed at the open house but to answer the phone calls and emails from customers. Plaintiff continued to do so. She also worked on breeding contracts for Metallic Cattack.

24. On Sunday, February 20, 2022, Plaintiff received a text message from Ms. Smith to please turn in the work phone and her company credit card as she would not need to go into the office any longer. Plaintiff did so.

25. On Monday, February 21, 2022, Plaintiff received text messages from customers to help with issues and questions at the office. She continued to receive these throughout the week.

26. Upon information and belief, Plaintiff was replaced by Ms. Logan Brumfield (approximately 25-30 years of age). Ms. Brumfield has significantly less experience in office management than Plaintiff.

27. At the time of her discharge, Plaintiff was earning approximately $43,294.00 per year base salary plus benefits including 401k contributions.

28. Plaintiff alleges she was discriminated against based on her race (Hispanic) and age (51 years) and retaliated against.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

**Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended**

29.     Plaintiff incorporates the factual allegations contained in paragraphs 5-28 herein as if set out verbatim.

30.     Plaintiff alleges that she was discriminated against in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff (Hispanic) from discrimination in the workplace based on race.

31.     Plaintiff was well qualified for the position of Office Manager for Defendant based upon her education, training, and approximately nineteen (19) months of experience as Office Manager for Defendant.

32.     Any reason Defendant may offer for discharging Plaintiff as Office Manager is purely pretextual, as Plaintiff never received a negative performance review and was never given notice of performance deficiencies of any kind during her nineteen months of employment with Defendant.

33.     Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

34.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

35.     On or about July 27, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 21, 2023, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated February 16, 2023.

36.     In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## COUNT II

## Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended

37.  Plaintiff incorporates the factual allegations contained in paragraphs 5-28 herein as if set out verbatim.

38..  Plaintiff was discharged in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, protecting Plaintiff from discrimination on the basis of age.

39.  Plaintiff was 51 years of age at the time of her discharge as Office Manager.

40.  Plaintiff was well qualified for the position of Office Manager based upon her education, training, and over nineteen months of experience as Office Manager for Defendant.

41.  Any reason Defendant may offer for discharging Plaintiff as Office Manager is purely pretextual, as Plaintiff never received a negative performance review and was never given notice of deficiencies of any kind during her approximately nineteen months of employment as Office Manager with Defendant.

42.  Plaintiff claims all relief, legal and equitable that effectuate her rights under 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

43.  Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

44.  On or about July 27, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 21, 2023, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated February 16, 2023.

45. In addition to Counts I and II, or in the alternative, Plaintiff alleges as follows:

## COUNT III

### Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended

46. Plaintiff incorporates the factual allegations contained in paragraphs 5-28 herein as if set out verbatim.

47. Plaintiff alleges that she was retaliated against in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff (Hispanic) from retaliation for reporting discrimination in the workplace.

48. Plaintiff complained about Defendant's discriminatory treatment of her and that she was the only one asked to perform maid duties and other duties outside her job description.

49. Plaintiff was discharged.

50. Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

51. Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

52. On or about July 27, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 21, 2023, she received the Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division, which was dated February 16, 2023.

53. In addition to Counts I, II, and III, or in the alternative, Plaintiff alleges as follows:

## COUNT IV

### Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended

54. Plaintiff incorporates the factual allegations contained in paragraphs 5-28 herein as if set out

verbatim.

55. Plaintiff alleges that she was retaliated against in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, protecting Plaintiff (51 years) from retaliation for reporting discrimination in the workplace.

56. Plaintiff complained about Defendant's discriminatory treatment of her and that she was the only one asked to perform maid duties and other duties outside her job description.

57. Plaintiff was discharged.

58. Plaintiff claims all relief, legal and equitable, that effectuate her rights under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

59. Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

60. On or about July 27, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 21, 2023, she received the Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division, which was dated February 16, 2023.

61. In addition to Counts I, II, III, and IV, or in the alternative, Plaintiff alleges as follows:

## V. STATE CLAIMS FOR RELIEF AND DAMAGES

### Violations of TEX. LABOR CODE § 21.051, *et seq.*

**A.    Discrimination on the Basis of Sex**

62. Plaintiff incorporates the factual allegations contained in paragraphs 5-28 herein as if set out verbatim.

63. Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting Plaintiff from discrimination in the workplace based on her race (Hispanic).

64. Plaintiff was well qualified for the position of Office Manager for Defendant based upon her education, training, and nineteen months of experience as Office Manager for Defendant.

65. Any reason Defendant may offer for discharging Plaintiff as Office Manager is purely pretextual, as Plaintiff never received a negative performance review and was never given notice of performance deficiencies of any kind during her employment with Defendant.

66. Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

67. Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

68. On or about July 27, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 21, 2023, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated February 16, 2023.

**B.   Discrimination on the Basis of Age**

69. Plaintiff incorporates the factual allegations contained in paragraphs 5-28 herein as if set out verbatim.

70. Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting Plaintiff from discrimination on the basis of age.

71. Plaintiff was 51 years of age at the time of her termination by Defendant.

72. Plaintiff was well qualified for the position of Office Manager based upon her education, training, and nineteen months of experience as Office Manager for Defendant.

73. Any reason Defendant may offer for discharging Plaintiff as Office Manager is purely pretextual, as Plaintiff performed her job duties in an acceptable manner.

74. Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

75. Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all damages as authorized by TEX. LABOR CODE § 21.2585.

76. Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

77. On or about July 27, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 21, 2023, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated February 16, 2023.

C. **Retaliation for Reporting Discrimination in the Workplace**

78. Plaintiff incorporates the factual allegations contained in paragraphs 5-28 herein as if set out verbatim.

79. Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting Plaintiff from retaliation for reporting discrimination in the workplace.

80. Plaintiff complained about Defendant's discriminatory treatment of her and that she was the only one asked to perform maid duties and other duties outside her job description.

81. Plaintiff was discharged.

82. Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

83. Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

84.     On or about July 27, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On February 21, 2023, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated February 16, 2023.

## VI. DAMAGES

85.     Plaintiff would show that she has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct.

86.     Plaintiff claims all relief at law and in equity pursuant to 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended.

87.     Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

88.     Plaintiff claims all relief at law and in equity pursuant to 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

89.     Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory and punitive damages as authorized by 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

90.     Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory damages as authorized by TEX. LABOR CODE § 21.2585.

## VII. ATTORNEY'S FEES

91.     Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, she

is entitled to reasonable and necessary attorney's fees.

## VIII. JURY DEMAND

92.     Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; reinstatement; liquidated damages; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


 /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)

**ATTORNEY FOR PLAINTIFF**